**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RENE SALAZAR, 39413-177, | § | |
| Petitioner, | § | |
| | § | **3:13-CV-0156-L** |
| v. | § | **3:09-CR-0216-L** |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas.  The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow:

**I.  Procedural Background**

Petitioner was charged with two counts of assaulting a federal officer in violation of 18

U.S.C. § 111 (Counts One and Two) and one count of using a firearm during and in relation to a

crime of violence in violation of 18 U.S.C. § 924(c) (Count Three).  A jury found him guilty on

all three counts and the Court sentenced him to 240 months in prison.  The Fifth Circuit Court of

Appeals affirmed the conviction and sentence.  *United States v. Salazar*, 440 Fed. Appx. 400 (5th

Cir. 2011).  The Supreme Court denied the petition for writ of certiorari.

On January 14, 2013, Petitioner filed the instant petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2255.  On October 21, 2013, Petitioner filed an amended petition.  He

argues:

1.      He received ineffective assistance of trial counsel when counsel inaccurately

advised him regarding the government's burden of proof and his possible

sentence;

2.      He received ineffective assistance of trial counsel when counsel failed to

adequately advise him of the consequences of either accepting a plea bargain or

going to trial and when counsel advised him against taking a plea bargain; and

3.      He received ineffective assistance of appellate counsel because counsel failed to

raise constitutional issues on appeal.

On December 17, 2013 the government filed its answer.  On January 13, 2014 Petitioner

filed a reply.  The Court finds the petition should be denied.

## II.  Factual Background

The following factual background is taken from the Fifth Circuit's opinion on direct

appeal.

In the summer of 2009, local and federal law enforcement officers ("LEO")
initiated Operation Community Shield in Dallas, Texas.  On June 24, 2009, at
approximately 9:00 pm, LEOs arrested a gang member near the corner of Grandview
Avenue and Santa Fe Avenue in Dallas, Texas.  After the suspect was arrested and taken
away, four LEOs remained at the scene to interview a witness.  While Officer Shultz was
interviewing the witness on the sidewalk, Agent Maldonado was standing in front of his
parked vehicle, Officer Loera was sitting in the driver's side of the marked Police cruiser
and Agent Cavitt was standing outside the driver's side door talking with Officer Loera.

At approximately 9:45 pm, Salazar drove past the LEOs and their two vehicles
parked on the north side of the street.  Salazar's vehicle passed so close to Maldonado
and Cavitt that, "[i]f [Maldonado] wanted [he] could reach out and touch [Salazar's
vehicle]."  Salazar proceeded approximately twenty-five yards to the stop sign at
Grandview Avenue and Santa Fe Avenue.  Once stopped, Salazar stuck his arm out of the
driver's side window and fired three shots from a .38 caliber revolver.  Salazar then
turned left onto Santa Fe Avenue as he fired two more shots and immediately sped away.
Loera and Shultz quickly gave chase, and were able to find Salazar's car parked at his
house.  The officers noticed Salazar running inside the house and ordered him to stop, but
Salazar refused.  The officers then followed Salazar into the house where they found him

in the shower.  After a brief scuffle, the officers arrested Salazar and took him to the police station.

Once at the station, Detective E. Ibarra read Salazar his *Miranda* rights and questioned him regarding the shooting.  During the interrogation, Salazar admitted to firing the gun; not at the officers but rather in the air to intimidate rival gang members that lived in the area.  Salazar claimed that he did not know that LEOs were present at the intersection of Grandview Avenue and Santa Fe Avenue.  He further stated that he fled the scene at a high rate of speed, went to his house, ran inside, hid the gun in the freezer, and jumped in the shower.

*Salazar*, 440 Fed. Appx. at 401-402.

## III.  Discussion

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight."  *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors."  *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong."  *Id*.  "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'"  *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

A.      **Burden of Proof**

Petitioner argues his counsel advised him that the government was required to prove that

Petitioner shot at the officers and that he had the intent to assault people he knew were law

enforcement officers.  He claims his attorney advised him not to accept a plea bargain because

there was insufficient evidence to prove Petitioner's intent or knowledge that the victims were

law enforcement officers.

To support his claim, Petitioner cites a memorandum his counsel provided to him before

trial.  In the memorandum, counsel discussed the potential outcomes to pleading guilty or

proceeding to trial.  Nothing in counsel's memorandum, however, states that the government was

required to prove Petitioner's intent and/or that Petitioner knew the victims were law

enforcement officers.  Further, defense counsel clearly and correctly stated during the pre-trial

conference that the government was not required to prove that Petitioner knew the victims were

law enforcement officers to convict Petitioner of assaulting the officers.  (Pre-Trial Conf. Tr. at

20.) Petitioner has provided no evidence that his counsel was constitutionally ineffective.  This

claim should be denied.

B.      **Consequences of Plea or Trial**

Petitioner claims his counsel failed to discuss with him the consequences of pleading

guilty versus the risks of a trial and that his counsel was ineffective for "strongly recommending"

that he reject a twelve-year plea offer.

Petitioner has submitted no evidence that the government offered him a twelve-year plea

agreement.  Further, defense counsel's memorandum shows that counsel clearly and thoroughly

explained the consequences of accepting a plea agreement versus going to trial.  Counsel's

memorandum stated that if Petitioner went to trial and lost on all three counts, counsel estimated

the sentence range would be 63 - 78 months, unless the judge believed that Petitioner lied in his

testimony.  In that case, counsel stated the district court could apply the obstruction of justice

guideline to increase the sentence range to 78 - 97 months.  Additionally, counsel informed

Petitioner that § 924(c) would add ten years to the sentence, for an estimated sentence range of

15 to 16.5 years.  Counsel informed Petitioner that his memorandum contained an estimate of the

sentence, not a guarantee.  Further, counsel told Petitioner that if the Judge believed Petitioner

was shooting at the police, but simply missed, "then I think there is a good chance that he will

give you much more than 20 years."  (Defense Counsel Mem. at 3.)

Counsel's memorandum also addressed an estimated sentence if Petitioner pled guilty.

Counsel stated:

> If you choose to plead guilty instead of going to trial, it will decrease your guidelines
> punishment for the two assault charges but it will not help the 10 years on the § 924(c) at
> all.
>
> There are two options for pleading guilty.  The first is to say that you shot the gun above
> the cops' heads to scare them.  You would also get to keep your right to appeal.
> However, if the Judge thinks that you really did shoot at the cops then you might not get
> any credit for pleading guilty.  If you do get credit under this option, it would take 2
> points off of your offense level for the assault charges.  That would come out to a
> guidelines sentence of 51-63 months, or about 4 to 5 years.  Added to the § 924 charge, it
> would be a total sentence of about 14 to 15 years.
>
> The other option for pleading guilty is to sign a plea agreement with the prosecutor. If you
> do, then you will get 3 points off of the guidelines for assaults instead of just 2.  However,
> in exchange, you would have to give up your right to appeal and agree that the cops are
> telling the truth.  I strongly recommend against this option.  If you get 3 points off, it
> would come out to a guidelines sentence of 46 - 57 months, or a little less than 4 to a little
> less than 5 years.  The § 9249c) charge would still add 10 years.
>
> So, in my opinion, you are looking at a guidelines sentence of about 14 - 15 years on a
> guilty plea and 16.5 - 18 years losing at trial.  This assumes that the prosecutor does not

add more charges if you go to trial.

(*Id*.)  Finally, counsel also advised that "Judge Lindsay could still give you more (up to life) or less (down to 10 years)."  (*Id*. at 1.)

Further, although Petitioner claims his counsel "strongly recommended" against accepting a plea bargain, counsel's memorandum shows that counsel "strongly recommended" against pleading guilty if Petitioner was required to admit the police officers' allegations and waive his right to appeal.  The memorandum shows no evidence of a twelve-year plea offer.

Petitioner has failed to show his counsel was ineffective for failing to advise him regarding the consequences of entering a guilty plea versus proceeding to trial and/or for advising him to reject an alleged twelve-year plea offer.  This claim should be denied.

## C.    Appellate Claims

Petitioner argues he received ineffective assistance of appellate counsel because counsel failed to argue that his Sixth Amendment rights were violated when the Court limited the testimony of his expert witness who testified regarding Petitioner's impaired eyesight.  Petitioner claims this denied him the right to present evidence regarding his intent and lack of knowledge that the victims were law enforcement officers.  He also claims counsel should have argued the six-level sentencing enhancement under USSG § 3A1.2 for targeting a law enforcement official was unconstitutional because this issue was not presented to the jury.

On direct appeal, defense counsel challenged the trial court's decision to limit expert testimony.  Defense counsel also challenged the six-level enhancement under § 3A1.2.  The Fifth Circuit agreed with the district court that the expert's proffered testimony was not relevant and that the sentencing guidelines were properly applied.  Petitioner has failed to show that he

received ineffective assistance of appellate counsel.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Petitioner's motion to correct,

vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 4th  day of February, 2014.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).