### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| **RENE SALAZAR, 39413-177,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:13-CV-0156-L** |
| § | |
| **UNITED STATES OF AMERICA**, § | |
| § | |
| Respondent. § | |

## ORDER

Before the court is Petitioner Rene Salazar's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion"), filed January 14, 2013.[1] The case, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, was referred to Magistrate Judge Paul D. Stickney on the same date. Petitioner filed an Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence on October 21, 2013. The magistrate judge entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on February 4, 2014, recommending that the court deny the Motion. No objections were filed.

After reviewing the pleadings, record in this case, applicable law, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct and **accepts** them as those of the court. The court therefore **denies** Petitioner's Motion to Vacate and **dismisses with prejudice** this action. The court also **directs** the clerk of court to

---

[1] The Motion to Vacate was filed under Salazar's criminal case number (3:09-CR-0216-L) as Document Number 93. A civil case number (3:13-CV-00156-L) for this petition for writ of habeas corpus has since been opened.

document the court's ruling on the Petitioner's former criminal case's docket (3:09-CR-0216-L) and on the current civil case's docket.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case.  In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 28th day of February, 2014.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
  **(a)   Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
  **(b)   Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.